**SO ORDERED.**

**SIGNED this 25th day of August, 2008.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE<br><br>TOLBERT S. WILKINSON, M.D. & SUZANNE T. WILKINSON<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>07-50189-C<br><br>CHAPTER 7 |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND ORDER CONVERTING CASE TO CHAPTER 7

CAME ON for consideration the foregoing matter. The movant seeks reconsideration of this court's order converting this case from a chapter 13 case to a case under chapter 7. The respondent opposes the relief requested.

The first ground urged by the movant is that a witness, to wit, Suzanne T. Wilkinson, would testify that she asked debtor's counsel "What if a malpractice claim comes up after we have filed for bankruptcy?" The lawyer is reported to have told her "if the claim arises post-petition, it should be handled outside the bankruptcy." *Motion*, at ¶ 3. Not until much later did counsel learn that in fact there was a malpractice claim that was actually made, and that it involved pre-petition facts that

made the claim a pre-petition claim that could not be handled "outside the bankruptcy." *Id.*, at ¶¶ 6-8.

The respondent retorts:

> The Motion fails to state any newly discovered evidence that was not previously available nor does it point to any evidence in the record that clearly establishes a manifest error of law or fact. A motion filed pursuant to Fed. R. Civ. Pr. 59 should not to be used to raise arguments or present evidence for the first time when they could have been raised earlier. *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Debtors desire to introduce testimony of Suzanne Wilkinson and Richard Wagner. However, the testimony of these two witnesses cannot be considered "newly discovered". The identity and the relevant knowledge of Ms. Wilkinson and Mr. Wagner were certainly known to Debtors at the time of the hearing. Debtors have not shown any satisfactory reason why such testimony was not presented at the hearing at which the Court considered the conversion of Debtor's Chapter 13 case. Debtors certainly cannot claim surprise as to the need of this evidence as Respondent's Motion to Convert specifically addressed the circumstances around Debtors' failure to place Respondent on notice of the bankruptcy proceeding as the first of many examples of Debtor's bad faith conduct. As such, any testimony proffered by way of these two witnesses should not be considered and Debtors' Motion should be denied.

*Response*, at ¶ I. The court agrees entirely with this analysis and adopts it as its own. The court only adds that, by presenting this "evidence" post-hearing, the respondent is deprived of the opportunity to cross-examine the witnesses in any effective fashion. That is another reason to deny the request to alter or amend judgment on grounds of "newly discovered evidence."

As a second ground for relief, movants contend that the conversion has wreaked havoc on a companion chapter 11 case, *In re* Stone Oak Cosmetic Surgery Center & Spa, P.A., Bankr. Case No. 05-54888-K. The debtor is alleged to be the principal owner and operator of this professional association, whose plan was confirmed December 19, 2006. Significantly, that case was closed and a final decree was entered on January 15, 2008. Nonetheless, the movants here state that the

conversion of this case renders further performance by the P.A. impossible, as the chapter 7 trustee becomes the new owner of that entity. The movant also alleges, without elaboration, that the P.A. "will not be able to make its plan payment because that entity will become as [sic] asset of the Chapter 7 estate." *Motion*, at ¶ 17.

Respondent, with respect to this contention, states:

> In their Motion, Debtors raise new arguments as grounds for the court to reconsider its decision to convert Debtors' Chapter 13 case to Chapter 7. Specifically, Debtors contend that: 1) conversion is not in the best interest of Debtors' creditors; 2) the standing of Respondent as an interested party; and 3) that the conversion of Debtors' case to Chapter 7 would have an adverse affect upon the Chapter 11 case filed by Debtors' business entity. However, Rule 59(e) may not be utilized to complete the presentation of a party's case after the court has ruled against the party. *In re Reese*, 91 F.3d 37, 39 (7th Cir.1996). In the present case, Debtor had the opportunity to raise each of these arguments at the hearing for the motion to convert Debtors' case. By failing to do so, Debtors have waived these arguments. As such, these arguments are not proper for consideration by the Court in a review of Debtors' Rule 59(e) motion.

*Response*, at ¶ III. Once again, the court entirely agrees with the analysis in the response. The court only adds that there are flaws in the argument with regard to the impact on the chapter 11 case.

One flaw is the debtors' mistaken belief about the chapter 11 process. A chapter 11 plan is not guaranteed success, nor is the reorganized debtor insulated by confirmation from the vicissitudes that might visit the debtor post-confirmation. *See Matter of Craig's Stores, Inc.*, 266 F.3d 388, 390-91 (5th Cir. 2001) (reorganization envisages that "... out of the proceedings will come a newly reorganized company capable of sailing forth in the cold, cruel business world with no longer the protective wraps of the federal Bankruptcy Court"). One of those prospects is that the individual responsible for making the reorganization work may find himself or herself disabled physically, legally, or financially. That is but one of the many risks that the business would face regardless of

its bankruptcy reorganization.

A second flaw is that, even if the court were inclined to alter its ruling in order to rescue another case, it makes less sense to do that here because a final decree has already been entered in that case and that debtor has "emerged from bankruptcy" in every sense of the word. Should the debtor default under the terms of its plan, then the creditors will presumably have their remedies, under the terms of that plan, or under state law. The debtor proposed reorganization to its creditors, and the creditors agreed to it. All parties knew or should have known that the resulting plan was not without risk. It is not the obligation of this court in this proceeding to alter the risk calculus for a company that, although it is operating under the terms of a confirmed plan, is no longer itself in bankruptcy. The events that have unfolded here are but the result of the multitude of risks borne by both the debtor and its creditors in the chapter 11 case when they agreed on a plan of reorganization.

For the reasons stated, the motion to alter or amend judgment is denied.

# # #